IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-1982-RBJ

CHRIS M. NAUD,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

      Defendant.

---

ORDER

---

      This matter is before the Court on review of the Commissioner's decision denying plaintiff

Chris Naud's application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social

Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g). This dispute became ripe

for decision by this Court upon the filing of plaintiff's Reply Brief on February 24, 2011. The

Court apologizes to the parties for the delay in resolving the case.

      **Facts**

      Mr. Naud applied for disability benefits on August 1, 2006. R. at 77-79. His claim was

denied in December 2006, and a hearing was held on May 29, 2008. R. at 42, 20. The

Administrative Law Judge ("ALJ"), William Musseman, issued an unfavorable decision on the

claim on July 1, 2008. R. at 11. The ALJ followed the five-step evaluation process provided at 20

C.F.R. § 404.1520(a)(4). *See* 20 C.F.R. § 404.1520(a)(4). At step one he found the claimant had

not engaged in substantial gainful activity since March 22, 2006, the onset date. R. at 13. At step

two he determined that "[t]he claimant has the following severe impairments: degenerative changes

1

of the lumbar and cervical spine, and obesity." *Id*. At step three he found these impairments did

not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1. *Id*. At step four he found the claimant unable to perform any past relevant work and

that claimant "has the residual functional capacity [RFC] to perform the full range of medium work

as defined in 20 CFR 404.1567(c)." R. at 14. At step five, the ALJ used the Medical-Vocational

Guidelines to find that claimant was not disabled. R. at 18.

Claimant requested review of the ALJ's unfavorable decision and submitted five pieces of

new evidence to the Appeals Council: 1) a cervical MRI report from June 4, 2008; 2) a lumbar MRI

report of June 4, 2008; 3) progress notes from Timothy Hall, M.D., on June 10, 2008; 4) the

Curriculum Vitae of Timothy Hall, M.D.; and 5) medical records from William L. Lippert, III,

M.D., on July 16, 2008. R. at 230-47. The Appeals Council denied Mr. Naud's request for review

on June 23, 2010, but included the new evidence in the administrative record. R. at 1, 5.

**Standard of Review**

This appeal is based upon the administrative record and briefs submitted by the parties. In

reviewing a final decision by the Commissioner, the role of the District Court is to examine the

record and determine whether it "contains substantial evidence to support the Secretary's decision

and whether the Secretary applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280,

1287 (D. Colo. 1998). A decision cannot be based on substantial evidence if "it is overwhelmed by

other evidence in the record. . . ." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988).

Substantial evidence requires "more than a scintilla, but less than a preponderance." *Wall v. Astrue*,

561 F.3d 1048, 1052 (10th Cir. 2007). Evidence is not substantial if it is "constitutes mere

conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

The Appeals Council's denial of review means that the ALJ's decision becomes the final

decision of the Commissioner. *Wilkins v. Sec'y, Dep't of Health and Human Serv.*, 853 F.2d 93, 96

(10th Cir. 1991).  This Court reviews the record as a whole, including the new evidence, to

determine whether substantial evidence supports the Secretary's findings.  *O'Dell v. Shalala*, 44

F.3d 855, 859 (10th Cir. 1994); *see also Corber v. Massanari*, 20 F. App'x 816, 818 (10th Cir.

2001) (unpublished) (affirming propriety of District Court's evaluation of new evidence).

**Conclusions**

Plaintiff makes no material challenges to the substance of the ALJ's decision based on the

ALJ's consideration of the record before him.  Instead, Mr. Naud claims that his medical conditions

have progressed in severity and that the two June 4, 2008 MRIs provide objective evidence that his

impairments exceed those the ALJ considered.  Plaintiff argues that the new evidence provided to

the Appeals Council should have led to reconsideration of the ALJ's decision.  Mr. Naud also

argues that, in light of new evidence, the ALJ's decision was unsupported by substantial evidence.

The Court finds that the Appeals Council's consideration of the new evidence and its

decision not to change the ALJ's decision was adequate.  The Appeals Council "considered the

additional evidence" and "found that this information does not provide a basis for changing the

Administrative Law Judge's decision."  R. at 1-2.  Under this Circuit's precedent, the general

practice "is to take a lower tribunal at its word when it declares that it has considered a matter."

*Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *see also Robinson v. Astrue*, 397

F.App'x 430, 432 (10th Cir. 2010) (unpublished).  This practice applies in Social Security cases.

*Id*.  Here, claimant offers the Court no reason to depart from the general precedent.

The Court also declines to reopen the decision of the ALJ based on the new medical

evidence.  As defendant correctly points out, the ALJ already recognized in step two that Mr. Naud

suffers from severe impairments.  R. at 13.  Even if the new evidence demonstrates that Mr. Naud's

medical impairments have progressed in severity, which it seems to do, plaintiff has not shown that

the increase in impairment limits his activities such that he is unable to perform medium work as

defined in  20 CFR § 404.1567(c), and alteration of his RFC is required at step four.

Mr. Naud argues that his impairments limit his ability to perform medium work.  However, he fails to offer any new objective medical evidence demonstrating new limits on his current activity, much less his activity dating back to the alleged disability onset date.  *See* R. at 230-47. Rather, in his June 2008 opinion Dr. Hall observed only that the moderate cervical stenosis "may be creating [] [Mr. Naud's] local pain."  R. at 237.  As defendant fairly points out, Dr. Hall did not modify his 2005 treatment recommendations based on the new evidence of increased impairment severity.  R. at 229, 237.  Nor did Dr. Hall explore more aggressive treatment options such as surgery; instead, he elected to follow the relatively conservative treatment regime of steroid injection.  R. at 237.  Similarly, Dr. Lippert evidently felt comfortable waiting to follow-up with Mr. Naud for a month to six weeks after the steroid injections.  R. at 246.

Claimant notes that Dr. Hall's April 2008 evaluation indicates that Dr. Naud's symptoms are "markedly affecting him functionally."  R. at 229.  However, the ALJ expressly considered this opinion and discounted it because it was not associated with recent medical testing and was based on Mr. Naud's subjective complaints.  R. at 17.  The ALJ also observed that the opinion was preliminary and subject to further testing.  *Id*.  The ALJ's discussion demonstrates his thoughtful consideration of Dr. Hall's one sentence statement on Mr. Naud's limitations and sets forth the good reasons he found it lacking.  The Court declines to disturb this finding based on new medical evidence that prescribes no disabling restrictions on claimant's activities.   The Court finds that the new medical evidence does not sufficiently support claimant's allegations that his activities must be limited in exertional level at step four, such that ALJ's application of the Medical-Vocational Guidelines was inappropriate at step five.

**Order**

The Commissioner's decision is affirmed.

4

DATED this 3rd day of February, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge